**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TAIZHOU TONGCHUANG MATERNAL AND CHILD PRODUCTS CO., LTD. d/b/a TPN-US AND HANGZHOU MOFEILI TECHNOLOGY CO., LTD. d/b/a KAIBDUN, | Case No. ___26-cv-05032___ |
| *Plaintiffs*, | **Jury Demand** |
| v. | |
| TOMY INTERNATIONAL, INC. | |
| *Defendant*. | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF**
**PATENT NON-INFRINGEMENT AND INVALIDITY**

Plaintiffs Taizhou Tongchuang Maternal and Child Products Co., Ltd. d/b/a TPN-US ("TPN-US") and Hangzhou Mofeili Technology Co., Ltd. d/b/a kaibdun ("kaibdun") (collectively, "Plaintiffs"), for their Complaint against Defendant TOMY International, Inc. ("Defendant"), allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for a declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code, §§ 100 et seq.

2. Plaintiffs seek a judicial declaration that United States Patent No. 9,545,176 (the "'176 Patent") is invalid, or in the alternative, that Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '176 Patent.

3. This action is necessary to resolve an actual, substantial, and continuing controversy between Plaintiffs and Defendant regarding whether Plaintiffs' products infringe the '176 Patent.

1

The controversy was created by Defendant's accusation of patent infringement made through Amazon.com's intellectual property complaint process, which identified Plaintiffs' specific Amazon.com listings as allegedly infringing the '176 Patent. Although Amazon.com has not yet removed the listings as of the date of filing, Defendant's complaint places Plaintiffs' businesses at immediate risk of listing removal and related marketplace consequences. Plaintiffs bring this action to protect their lawful U.S. commerce and to obtain a prompt judicial determination of non-infringement.

## THE PARTIES

4. Plaintiff TPN-US is a corporation organized and existing under the laws of the People's Republic of China. Plaintiff is a legitimate and innovative enterprise engaged in the marketing and sale of, among other products, high-quality collapsible baby bathtubs.

5. Plaintiff kaibdun is a corporation organized and existing under the laws of the People's Republic of China. Plaintiff is a legitimate and innovative enterprise engaged in the marketing and sale of, among other products, high-quality collapsible baby bathtubs.

6. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2015 Spring Rd., Suite 700, Oak Brook, IL 60523.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims for declaratory judgment of non-infringement and invalidity arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

8. An actual and justiciable controversy exists between Plaintiffs and Defendant regarding infringement and validity of the '176 Patent, sufficient to establish jurisdiction under the

2

Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The controversy is evidenced by Defendant's affirmative enforcement activity through Amazon.com's intellectual property complaint process, which has created an implied assertion of Defendant's rights in the '176 Patent against Plaintiffs' products. Defendant has submitted Amazon Patent Evaluation Express (APEX) Agreements to Amazon.com relating to Plaintiffs' products listed on Amazon.com. By the terms of the APEX program, Amazon.com would notify Plaintiffs of the APEX Agreements, and if Plaintiffs take no action, their listings would be removed. District courts have found that when a patent holder files a complaint with Amazon.com regarding a seller's products, the defendant has created an actual controversy sufficient to sustain a declaratory judgment action. *See*, *e.g.*, *Waying Tech. Dev. Co. v. Can Glass Inc.*, No. 24-CV-4209 (JGLC), 2024 U.S. Dist. LEXIS 191853, at *5 (S.D.N.Y. Oct. 21, 2024); *Oralic Supplies Inc. v. Jiang Huang*, Civil Action No. 3:22cv623, 2024 U.S. Dist. LEXIS 2366, at *10-11 (E.D. Va. Jan. 4, 2024). The Court of Appeals for the Federal Circuit has also found that submitting an APEX Agreement "goes beyond a cease and desist letter" and constitutes purposeful patent enforcement activity. *SnapRays v. Lighting Def. Grp.*, 100 F.4th 1371, 1376 (Fed. Cir. 2024).

9. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is an Illinois corporation headquartered at 2015 Spring Rd., Suite 700, Oak Brook, IL 60523, and is therefore "at home" in Illinois and subject to general personal jurisdiction in this Court.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District. Defendant is a corporate entity that is subject to personal jurisdiction in this District and therefore "resides" here for venue purposes under 28 U.S.C. § 1391(c)(2).

**FACTUAL BACKGROUND**

11. Plaintiffs sell collapsible baby bathtubs and other products offered for sale to customers in the United States through Amazon.com.

12. Plaintiffs' collapsible baby bathtubs, which are listed on Amazon.com, include at least Amazon Standard Identification Numbers (ASIN)s B0CQWJ4C4B (TPN-US), B0D796959L (TPN-US), and B0CXSR7QM3 (TPN-US), B0C897WHDD (kaibdun), B0CXSVJB5B (kaibdun), B0CXSRMMNB (kaibdun), B0CG984PRZ (kaibdun), and B0CXSS2L53 (kaibdun) (the "Accused Products"). The Accused Products sold by TPN-US and kaibdun are substantially identical.

13. In 2023, Defendant filed a patent infringement claim with Amazon.com, Complaint ID 14349778261, alleging that certain of kaibdun's Accused Products infringed the '176 Patent.

14. On December 4, 2023, kaibdun responded to Defendant's Amazon.com complaint by sending Defendant a letter stating that kaibdun had conducted a thorough analysis of the claims of the '176 Patent, explaining why kaibdun's Accused Products do not infringe, and demanding that Defendant withdraw its complaint and refrain from raising further complaints against kaibdun's products.

15. On December 11, 2023, Defendant responded to kaibdun's letter by disputing kaibdun's non-infringement arguments but subsequently withdrew or did not pursue its Amazon.com complaint and took no further action for over two years.

16. On April 10, 2026, Defendant submitted APEX Agreements to Amazon.com relating to Plaintiffs' Accused Products.

17. The APEX Agreements identified Plaintiffs' Amazon.com listings for the Accused Products as allegedly infringing the '176 Patent. By the terms of the APEX program, Amazon.com would notify Plaintiffs of the APEX Agreements, and if Plaintiffs took no action or did not agree to participate in the APEX process, their listings would be removed. The APEX process is problematic

4

for Plaintiffs in that it limits their available defenses to Defendant's infringement claim, specifically barring Plaintiffs from presenting evidence that the '176 Patent is invalid. The only way for Plaintiffs to fully defend against Defendant's claim of patent infringement without having its listings of the accused products removed is to initiate this action.

18. On April 13, 2026, Amazon.com notified kaibdun and TPN-US that it had received a report from Defendant alleging that the Accused Products identified in the notice infringed the '176 Patent.

19. Defendant's accusation of patent infringement and submission of APEX Agreements, made through Amazon's intellectual property complaint process and directed to Plaintiffs' identified listings, has created an actual, immediate, and substantial controversy between the parties regarding whether Plaintiffs' Accused Products infringe the '176 Patent and whether the '176 Patent is valid and enforceable. *See, e.g.*, *Waying Tech. Dev.*, 2024 U.S. Dist. LEXIS 191853, at *5; *Oralic Supplies*, 2024 U.S. Dist. LEXIS 2366, at *10-11; *cf. SnapRays*, 100 F.4th at 1376.

20. Plaintiffs deny that the Accused Products infringe any valid and enforceable claim of the '176 Patent. Plaintiffs have filed this action to obtain a prompt judicial determination of the parties' respective rights and to remove the cloud of uncertainty over Plaintiffs' continued U.S. sales through Amazon.com.

## THE '176 PATENT

21. The '176 Patent was filed on Nov. 19, 2009 claiming priority to U.S. Provisional Application No. 61/116,55 filed on November 20, 2008, and issued on Jan. 17, 2017. A true and correct copy of the '176 Patent is attached hereto as **Exhibit A.**

22. The '176 Patent is entitled "Bathtub" and generally relates to collapsible bathtubs for children.

23. Upon information and belief, Defendant is the assignee and owner of the '176 Patent.

5

**COUNT I**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,545,176)**

24. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning whether Plaintiffs' Accused Products infringe any valid claim of the '176 Patent.

26. Plaintiffs' Accused Products have not infringed and do not infringe any claim of the '176 Patent for a multitude of reasons, including those discussed *infra*.

27. Independent claims 1 and 21 of the '176 Patent require a plurality of leg assemblies that can be moved into a "a first deployed position with respect to the frame to support the container at an elevated location with respect to a support surface." Independent claim 12 requires a single leg assembly that can likewise be moved into a "deployed position with respect to the frame to support the container at an elevated location with respect to a support surface." Thus, all independent claims require that when the legs are in a deployed position, the container is elevated above a support surface.

28. This limitation that the container must be elevated above the support surface was necessary to distinguish the claims of the '176 Patent from the prior art. Indeed, the specification of the '176 Patent states that "collapsible bathtubs relying on a preexisting full-size bathtub for support," i.e., collapsible bathtubs where the container rests directly on a support surface, were "well known" in the prior art.

29. The Accused Products do not meet this limitation because the container of the Accused Products is designed to always rest directly on the support surface. As shown below, when the Accused Products are in a deployed position, the container is fully supported by and maintains

constant contact with the support surface. The container is not elevated.



30. Independent claims 1 and 21 also require a "water impervious, rigid bottom surface," while independent claim 12 requires a "water impervious, rigid bottom wall." The Accused Products do not contain a water impervious, rigid bottom surface or bottom wall because the Accused Products all have a perforation in the bottom to allow water to drain out.

31. For these reasons, and others, Plaintiffs are therefore entitled to a judicial declaration that Plaintiffs' Accused Products do not infringe the '176 Patent.

32. A judicial declaration of non-infringement is necessary and appropriate to resolve the controversy between the parties and to remove the cloud of uncertainty created by Defendant's accusation asserted through Amazon's intellectual property complaint process.

**COUNT II**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,545,176)**

33. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning whether Plaintiffs' Accused Products infringe the '176 Patent.

35. The claims of the '176 Patent are invalid, at a minimum, under 35 U.S.C. § 112

7

because they are indefinite. All claims of the '176 Patent require a "rigid" bottom surface or wall, but it is not clear what rigid means in the context of the claims. Thus, it is impossible to determine, with reasonable certainty, what is being claimed.

36. The claims of the '176 Patent are invalid as obvious under 35 U.S.C. § 103.

37. For instance, person of ordinary skill in the art would have found it obvious to combine United States Patent Application No. 2007/0251874 to Stewart ("Stewart") with United States Patent Application No. US2009/0199775 to Shamoon ("Shamoon") to teach each and every limitation of the claims of the '176 Patent.

38. During prosecution, the Examiner found that United States Patent Application No. 2007/0251874 to Stewart ("Stewart') disclosed all limitations of the claims of the '176 Patent except the container including a "water impervious, rigid" bottom surface.

39. Stewart also teaches a rigid bottom surface. For instance, Stewart states that "[c]olanders are typically fabricated from metals and rigid plastics, which cannot deform and be compactly stored."

40. Shamoon teaches a water impervious bottom surface, as shown in Figure 1 below:



Fig. 1

41. While the Examiner considered Stewart and Shamoon individually, the Examiner did

not consider the combination of Stewart and Shamoon, which renders the claims of the '103 Patent obvious.

42. Such combination would be made with a reasonable expectation of success.

43. Such combination would not have relied on impermissible hindsight bias.

44. Such combination would have been obvious to try.

45. Such combination would have led to predictable results.

46. Such combination would have involved simple substitution of one element (the strainer bowl of Stewart) for another (the water impervious bowl of Shamoon).

47. Such combination would have relied on functional similarities between Stewart and Shamoon.

48. Such combination would have involved nothing more than the use of common sense.

49. A person of ordinary skill in the art would have recognized the obvious benefit of applying the water impervious bottom surface of Shamoon to the invention of Stewart to create a rigid container that could hold water.

50. While Plaintiffs' investigation into the validity of the '176 Patent is ongoing, Plaintiffs seek a declaration that the '176 Patent is invalid for at least the reasons stated above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against Defendant, and grant the following relief:

A. A declaration that Plaintiffs' Accused Products do not infringe, directly or indirectly, any claim of U.S. Patent No. 9,545,176;

B. A declaration that all claims of U.S. Patent No. 9,545,176 are invalid;

C. An order requiring Defendant to immediately and unconditionally withdraw the April 10, 2026 patent infringement complaints filed with Amazon.com against the Accused

Products;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

Date: April 30, 2026

/s/*Anthony J. Fuga*
Anthony J. Fuga
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, 27th Floor
Chicago, IL 60606
Tel: (312) 263-3600
Fax: (312)578-6666
anthony.fuga@hklaw.com

Nathan T. Paine (pro hac vice forthcoming)
Kyle B. Straughan (pro hac vice forthcoming)
Holland & Knight LLP
701 5th Avenue, Suite 4700
Seattle, WA 98104
Tel. 206.505.4011
Fax: 206.505.4099
nathan.paine@hklaw.com
kyle.straughan@hklaw.com

Ji Mao (pro hac vice forthcoming)
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019
Tel: (212) 513-3420
Fax: (212) 385-9010
ji.mao@hklaw.com

***Attorneys for Plaintiffs kaibdun and TPN-US***